**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| **ON FIRE CHRISTIAN CENTER, INC.,** | \| |
| | \| |
| **Plaintiff,** | \| |
| | \| **Civil Action No.** 3:20-cv-264-JRW |
| **v.** | \| |
| | \| |
| **GREG FISCHER, in his official** | \| |
| **capacity as Mayor of Louisville Metro, and** | \| |
| **the CITY OF LOUISVILLE,** | \| |
| | \| |
| **Defendants** | \| |

**PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
AND
MOTION FOR EMERGENCY HEARING**

Plaintiff hereby moves the Court pursuant to Rule 65(b) of the Federal Rules of Civil Procedure for a temporary restraining order to prevent Defendants (the Mayor of Louisville and the City of Louisville) from prohibiting drive-in religious services.  Specifically, Plaintiff asks the Court to block the Defendants' official capacity enforcement of Mayor Fischer's explicit prohibitions on drive-in church gatherings.  *See* Greg Fischer, *Daily COVID-19 Briefing by Louisville Mayor Greg Fischer* (Apr. 9, 2020), https://www.wave3.com/2020/04/09/fischer-confirms-new-cases-more-deaths/.  Defendants' targeting of religious adherents to prevent them from gathering in a manner consistent with social distancing guidelines, while permitting similar (and at times even more intimate) social interaction to continue unabated in retail and commercial establishments, violates Plaintiff's rights under the First Amendment of the U.S. Constitution, Sections 1 and 5 of the Kentucky Constitution, and the Kentucky Religious Freedom Act.  As detailed more fully in the accompanying Memorandum of Law, the issuance of a temporary restraining order is warranted here because Plaintiff has met all of the elements required for such relief.

- 1 -

Plaintiff is likely to succeed on all of the claims it has alleged in the complaint.  Plaintiff is likely to succeed on the claim that Defendants have violated its right to free exercise of religion based on controlling Supreme Court precedent.  The Defendants' action is not neutral nor generally applicable, and it does not survive strict scrutiny. *See Church of the Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 546 (1993).  Defendants' prohibition is clearly subject to strict scrutiny because it specifically targets drive-in religious services, and does not address, nor does it apply to, other, similarly-situated activities and entities.  Despite the availability of less restrictive means to serve the legitimate health and safety interests—namely, abiding by the Centers for Disease Control and Prevention (CDC) and Kentucky Cabinet guidelines for gatherings—Defendants have instead ordered an absolute prohibition of drive-in religious services.   Because this prohibition is not narrowly tailored to the government interest, it violates Plaintiff's right to free exercise.  Plaintiff is thus likely to succeed on the merits of this claim.

Similarly, Plaintiff is likely to succeed on the merits of the claim that Defendants have violated its First Amendment right to peaceably assemble.  Again, Defendants' action fails to further a compelling government purpose by the least restrictive means. *See, e.g.*, *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 16-17 (1973); *Dunn v. Blumstein*, 405 U.S. 330 (1972).  Defendants' prohibition cannot satisfy strict scrutiny because there are less restrictive alternatives to achieve the government interests.  Plaintiff has already conducted drive-in religious services satisfying the public health and safety guidelines in past weeks and would do so for the upcoming Easter service.  Defendants have not narrowly tailored their action to the compelling interest, and thus Plaintiff is likely to succeed on the merits of this claim.

Plaintiff is likewise likely to succeed on its free exercise claim under the Kentucky Constitution.  Ky. Const. §§ 1, 5.  The protections for the free exercise of religion afforded by the

- 2 -

Kentucky Constitution offer the same protection that the federal Constitution provides. *Gingrich v. Commonwealth*, 382 S.W.3d 835, 839 (Ky. 2012). Thus, for the same reasons that the prohibition violates the free exercise clause of the United States Constitution, it violates the free exercise sections of the Kentucky Constitution, and Plaintiff is likely to succeed on this claim.

Finally, Plaintiff is likely to succeed on its claim under the Kentucky Religious Freedom Act, Ky. Rev. Stat. § 446.350 ("KRFA"), which imposes strict scrutiny on government actions that "substantially burden a person's freedom of religion." *Id*. Again, by its absolute prohibition of drive-in church services, Defendants violate Plaintiff's rights under KFRA because the prohibition does not meet the least-restrictive-means test. For this reason, Plaintiff is likely to succeed on this claim.

The other temporary restraining order factors also weigh in favor of Plaintiff. Enforcement of the prohibition will result in immediate, irreparable harm, as Plaintiff and its congregants will not be able to attend service for Easter, the most important Christian religious observance, in 2020. Moreover, the balance of equities weighs firmly in favor of Plaintiff. Plaintiff has made and will make every effort to ensure that its upcoming Easter service would be compliant with the CDC and Kentucky Cabinet health and safety guidelines for gatherings. With these measures in place, there is no potential harm to the Commonwealth or its citizens by allowing this service. Finally, it is always in the public interest to protect constitutional rights.

A temporary restraining order is thus proper to protect Plaintiff's rights to religious freedom and to peacefully assemble. Plaintiff has scheduled a drive-in religious service on April 12, 2020, and respectfully requests the emergency intervention of this Court to protect it from the immediate and irreparable injury to its federal and state legal rights. Without such relief, Plaintiff

will forever lose its ability to have celebrated Easter Sunday 2020 in accordance with its sincerely held religious beliefs.

For the foregoing reasons, and as set forth in the accompanying Memorandum, Plaintiff respectfully requests that the Court GRANT the Motion for a Temporary Restraining Order.

Dated: April 10, 2020

Respectfully submitted,

*/s/ J. Brooken Smith*
J. Brooken Smith
Michael G. Swansburg, Jr.
SWANSBURG & SMITH, PLLC
291 N. Hubbards Lane, Suite 172
Box 321
Louisville, Kentucky 40207
Phone: (502) 805-5960
jbs@swansburgandsmith.com
mgs@swansburgandsmith.com

*/s/ Matthew T. Martens*
Matthew T. Martens (*pro hac vice forthcoming*)
Kevin Gallagher (*pro hac vice forthcoming*)
Hyun-Soo Lim (*pro hac vice forthcoming*)
Andrew Miller (*pro hac vice forthcoming*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
Matthew.martens@wilmerhale.com

*/s/ Hiram S. Sasser, III*
Hiram S. Sasser, III (*pro hac vice forthcoming*)
Roger Byron (*pro hac vice forthcoming*)
First Liberty Institute
2001 W Plano Pkwy
Plano, TX 75075
Tel: (972) 941-4444
Fax: (972) 941-4457
hsasser@firstliberty.org

*Attorneys for Plaintiff On Fire Christian Center, Inc.*