IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO: 3:20-CV-00264-JRW

*Electronically filed*

ON FIRE CHRISTIAN CENTER, INC.                                          PLAINTIFF

v.

GREG FISCHER, in his official capacity as Mayor, and
LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT, ET AL.      DEFENDANTS

### AGREED ORDER

Plaintiff On Fire Christian Center, Inc., and Defendants Greg Fischer and Louisville/Jefferson County Metro Government (defendants collectively "Defendant Metro Government"), together the parties hereto, move the Court for entry of an Agreed Order wherein the parties set forth certain terms and conditions for each party resulting in a final and binding resolution in connection with all claims and defenses asserted by the parties herein. Accordingly, the Court, having considered the motion and being otherwise sufficiently advised, hereby

**ORDERS AS FOLLOWS:**

1. Plaintiff agrees to take reasonable steps to ensure that, during drive-in church services, attendees who enter upon Plaintiff's premises for "drive-in" church services abide by the social distancing guidelines as promulgated by the Centers for Disease Control and Prevention ("CDC"). It is understood and agreed by the parties that compliance with the CDC social distancing guidelines shall be deemed satisfied if:

    a. Attendees maintain six (6) feet of physical distance between cars parked on Plaintiff's premises during the service;

1

    b.  Attendees remain for the duration of the service in the automobile in which they traveled to the service;

    c.  Attendees keep the windows on their cars at least half of the way closed for the duration of the service;

    d.  No more than one service leader shall be present on the stage at any point during the service, except that, during the congregational singing, three additional leaders may be present in front of the stage area so long as they remain at least 6 feet apart from one another and from any other attendee at all times.

    e.  Plaintiff's staff and/or volunteers may be closer than 6 feet to each other as required for the set-up and take-down process and other logistical needs for drive-in church services.  Plaintiff's security personnel may be closer than 6 feet to each other to discuss and/or address any security issues, as needed.

2.  In the event that the CDC guidelines are hereafter amended, the parties shall meet and confer in a good faith effort to reach agreement as to any adjustments that should be made to the drive-in service format and precautions.  In the event that the parties are unable to reach an agreement, either party may petition the court for modification of this Order.

3.  Plaintiff and its staff agree to implement reasonable processes and procedures to ensure that, during its services and its rituals, there is no direct person-to-person contact throughout the duration of all worship services.

4.  Defendant Metro Government and/or the Louisville Metro Department of Public Health and Wellness ("LMDPHW") may take such actions with regard to Plaintiff and the attendees at its drive-in services to ensure compliance with the social distancing guidelines, as defined above, as they take with regard to other individuals and establishments.  Nothing

2

in this paragraph shall be construed to permit Defendant Metro Government and/or the LMDPHW to take any action with regard to Plaintiff or the attendees at its drive-in services that is discriminatory toward Plaintiff or the attendees at its drive-in services.

5. If a complaint is received by Defendant Metro Government and/or the LMDPHW against an attendee at or participant in Plaintiff's drive-in services alleging a violation of any of the above-described social distancing guidelines, the parties agree that such complaint will be addressed as follows:

    (a) **Minor Offense:**  If, after investigation by the LMDPHW, it is determined that an attendee at or participant in Plaintiff's drive-in services has not abided by the terms of this Order, LMDPHW shall conduct an educational meeting with that person instructing him or her on proper methods of complying with the social distancing guidelines as set forth hereinabove;

    (b) **Major or Subsequent Offense:**   If, after investigation by LMDPHW, a determination is made that an attendee at or participant in Plaintiff's drive-in services has committed a major offense that is a significant departure from the social distancing guidelines, then LMDPHW may issue an Order requiring immediate compliance by that person with the social distancing requirements set forth hereinabove.  If an attendee at or participant in Plaintiff's drive-in services thereafter does not abide by the above-described social distancing guidelines, LMDPHW may impose a fine upon that person in an amount and manner consistent with the laws of the State of Kentucky and/or the City of Louisville.

6. This Order shall expire upon the declaration of the Governor of the Commonwealth of Kentucky (the "Governor"), or any other competent authority lawfully acting on behalf of the Commonwealth of Kentucky, that the state of emergency arising from COVID-19 ceases to exist.

7. Nothing in this agreement shall prejudice or prevent Plaintiff from resuming indoor church services should Defendant Greg Fischer or Defendant Louisville/Jefferson County Metro Government, or the Governor or any other competent authority lawfully acting on behalf of the Commonwealth of Kentucky, allow indoor gatherings of any kind prior to a

ActiveUS 179640819v.1

declaration that the state of emergency arising from COVID-19 ceases to exist.  Plaintiff shall be allowed to resume indoor gatherings for church services at such time and in the same manner as any other indoor gatherings are allowed.

8. The Temporary Restraining Order entered by the Court on April 11, 2020 is hereby DISSOLVED.

9. The parties shall bear their own costs and legal fees of this action.

10. This action is hereby DISMISSED WITHOUT PREJUDICE.

Justin R Walker, District Judge

United States District Court

4/22/2020

4

HAVE SEEN; AGREE:

MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY


*/s/ John F. Carroll*
JOHN F. CARROLL
JASON D. FOWLER
*Counsel for Defendants*


SWANSBURG & SMITH, PLLC

*/s/ J. Brooken Smith*
J. Brooken Smith
Michael G. Swansburg, Jr.
*Counsel for Plaintiff*


WILMER CUTLER PICKERING HALE AND DORR LLP

*/s/ Matthew T. Martens*
Matthew T. Martens
Kevin Gallagher
Hyun-Soo Lim
Andrew Miller
*Counsel for Plaintiff*


FIRST LIBERTY INSTITUTE

*/s/ Hiram S. Sasser, III*
Hiram S. Sasser, III
*Counsel for Plaintiff*

ActiveUS 179640819v.1